1  **Peter I. Ostroff, SBN 45718**
   **postroff@sidley.com**
2  **Rollin A. Ransom, SBN 196126**
   **rransom@sidley.com**
3  **Sean A. Commons, SBN 217603**
   **scommons@sidley.com**
4  **R. C. Harlan, SBN 234279**
   **rharlan@sidley.com**
5  **SIDLEY AUSTIN** LLP
   **555 West Fifth Street, Suite 4000**
6  **Los Angeles, California 90013**
   **Telephone: (213) 896-6000**
7  **Facsimile: (213) 896-6600**

8  **Attorneys for Defendant Capitol Records LLC**

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  OAKLAND DIVISION

12  MARTHA DAVIS, as assignee of "THE          )  Case No. 4:12-CV-01602-YGR
    MOTELS," on behalf of herself and all others )
13  similarly situated,                          )  Assigned to: Hon. Yvonne Gonzalez Rogers
                                                 )
14           Plaintiff,                          )  **DEFENDANT CAPITOL RECORDS**
                                                 )  **LLC'S NOTICE OF MOTION AND**
15  vs.                                          )  **MOTION TO DISMISS SECOND**
                                                 )  **AMENDED COMPLAINT AND TO**
16  EMI GROUP LIMITED, EMI GROUP, INC.,          )  **STRIKE ALLEGATIONS;**
    and CAPITOL RECORDS, LLC,                    )  **MEMORANDUM OF POINTS AND**
17                                               )  **AUTHORITIES IN SUPPORT THEREOF**
             Defendants.                         )
18                                               )  Date: March 19, 2013
                                                 )  Time: 2:00 p.m.
19                                               )  Place: TBD (see standing order)
                                                 )
20                                               )  [Request for Judicial Notice and Proposed
                                                 )  Order Filed Concurrently]
21  _____      )

22

23

24

25

26

27

28

_____
**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers in a courtroom to be designated (as set forth in the standing order) at the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Defendant Capitol Records, LLC will and hereby does move to (1) dismiss Plaintiff's claims to the extent they seek royalties that were reported more than three years prior to the filing of this action, on the ground that such claims are barred by the terms of the parties' agreements; (2) dismiss Plaintiff's second cause of action for declaratory judgment as duplicative of her breach of contract claim; (3) dismiss Plaintiff's fourth cause of action for breach of the implied covenant of good faith and fair dealing as duplicative of her breach of contract claim; (4) dismiss Plaintiff's fifth cause of action to the extent it asserts claims under the fraudulent and unlawful prongs of California's Unfair Competition Law for failure to plead adequate facts to recover under either theory; (5) dismiss Plaintiff's request for exemplary and/or statutory damages as unavailable as a matter of law; and (6) strike Plaintiff's inaccurate quotation in paragraph 99 of the Second Amended Complaint.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, all pleadings and records on file in this case, and upon such evidence and argument as may be presented at or before the hearing on this Motion.

Dated: February 8, 2013

SIDLEY AUSTIN LLP

By: /s/ Rollin A. Ransom
    Peter I. Ostroff, SBN 45718
    postroff@sidley.com
    Rollin A. Ransom, SBN 196126
    rransom@sidley.com
    Sean A. Commons, SBN 217603
    scommons@sidley.com
    R. C. Harlan, SBN 234279
    rcharlan@sidley.com
    Attorneys for Defendant Capitol Records, LLC

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   LEGAL STANDARD ..................................................................................... 1

III.  FACTUAL BACKGROUND ........................................................................... 3

    A.    The Contracts ...................................................................................... 3

    B.    The Complaint ..................................................................................... 3

IV.   ARGUMENT .................................................................................................. 4

    A.    Plaintiff's Claims Are Barred To The Extent They Seek Royalties Based on
         Statements Received More Than Three Years Before The Filing Of This
         Lawsuit. ............................................................................................. 4

         1.    The Plain Terms Of The Contracts Provide For An Unambiguous
             Three-Year Contractual Limitations Period............................... 4

         2.    Plaintiff Cannot Avoid The Contractual Limitations Clauses. ................. 5

    B.    Plaintiff's Second Cause Of Action For Declaratory Judgment Should Be
         Dismissed As Duplicative. ................................................................... 8

    C.    Plaintiff's Fourth Cause Of Action For Breach Of The Implied Covenant Of
         Good Faith And Fair Dealing Should Be Dismissed As Duplicative. ................. 10

    D.    Plaintiff's Claims For Fraudulent And Unlawful Business Practices In
         Violation Of Section 17200 Are Not Adequately Pled And Must Be
         Dismissed. ......................................................................................... 11

         1.    Plaintiff Does Not Allege Fraud With Particularity. ............................... 11

         2.    Plaintiff Does Not Identify Any "Unlawful" Conduct. .......................... 12

    E.    Plaintiff's Request For "Exemplary, And/Or Statutory Damages" Should Be
         Dismissed. ......................................................................................... 12

    F.    Plaintiff's False Allegation in Paragraph 99 of the Complaint Should Be
         Stricken. ............................................................................................. 13

V.    CONCLUSION................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A & T Siding, Inc. v. Capitol Specialty Ins. Corp.*,
No. 3:10-CV-980-AC, 2012 WL 707100 (D. Or. Mar. 1, 2012)..........................................2, 13

*Akhavein v. Argent Mortg. Co.*,
No. 5:09–cv–00634 RMW (RS), 2009 WL 2157522 (N.D. Cal. July 17, 2009) .....................9

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
824 F. Supp. 2d 1164 (C.D. Cal. 2011) ..............................................................................2

*Am. Marine Corp. v. Blue Shield of Cal.*,
No. C 11-00636 WHA, 2011 WL 1399244 (N.D. Cal. Apr. 13, 2011)...................................10

*Amex Life Assurance Co. v. Super. Ct.*,
14 Cal. 4th 1231 (1997) ....................................................................................................5

*Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*,
98 Cal. App. 4th 934 (2002) ..............................................................................................7

*Aragon-Haas v. Family Sec. Ins. Servs., Inc.*,
231 Cal. App. 3d 232 (1991) ............................................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................1, 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................................2

*Camillo v. Wash. Mut. Bank, F.A.*,
No. 1:09–CV–1548 AWI SMS, 2009 WL 3614793 (E.D. Cal. Oct. 27, 2009) ......................9

*CAMSI IV v. Hunter Tech. Corp.*,
230 Cal. App. 3d 1525 (1991) .......................................................................................7, 8

*Capitol Records, LLC v. ReDigi, Inc.*,
Case No. 1:12-cv-00095-RJS (S.D.N.Y. Jan. 6, 2012).....................................................1, 13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ....................................................................................10, 11

*Catena v. Capitol Records, LLC*,
No. CV 12-00806 MMM (JCx) (C.D. Cal. Jan. 30, 2012) ....................................................12

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ...........................................................................................7

*Clinton v. Universal Music Grp.,*
  No. CV 07–672 PSG, 2011 WL 3501818 (C.D. Cal. Aug. 9, 2011) ...............................4, 5, 6

*Czajkowski v. Haskell & White, LLP,*
  208 Cal. App. 4th 166 (2012) .........................................................................................8

*Deirmenjian v. Deutsche Bank, A.G.,*
  526 F. Supp. 2d 1068 (C.D. Cal. 2007) ...........................................................................7

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC,*
  No. 11 Civ. 1980(LBS), 2012 WL 423350 (S.D.N.Y. Feb. 7, 2012) ...................................2, 5

*Gen. Sec. Servs. Corp. v. County of Fresno,*
  815 F. Supp. 2d 1123 (E.D. Cal. 2011) ..........................................................................12

*Ginsberg v. Gamson,*
  205 Cal. App. 4th 873 (2012) .......................................................................................12

*Glue-Fold, Inc. v, Slautterback Corp.,*
  82 Cal. App. 4th 1018 (2000) .........................................................................................8

*Grisham v. Philip Morris U.S.A., Inc.,*
  40 Cal. 4th 623 (2007) ...................................................................................................7

*Jordan v. Paul Fin., LLC,*
  745 F. Supp. 2d 1084 (N.D. Cal. 2010) ...........................................................................2

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ......................................................................................11

*Kho v. Wells Fargo & Co.,*
  No. SACV 12–0847 DOC (AGRx), 2012 WL 3240041 (C.D. Cal. Aug. 6, 2012) .............9, 10

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005) ........................................................................................3

*Korea Supply Co. v. Lockheed-Martin Corp.,*
  29 Cal. 4th 1134 (2003) ...............................................................................................12

*Lauter v. Anoufrieva,*
  642 F. Supp. 2d 1060 (C.D. Cal. 2009) ...........................................................................2

*Lazar v. Super. Ct.,*
  12 Cal. 4th 631 (1996) .................................................................................................11

*Lundgren v. Bank of Am., N.A.,*
  No. C 11–00758 CW, 2012 WL 929706 (N.D. Cal. Mar. 19, 2012) .....................................2

*Malmsteen v. Universal Music Grp., Inc.,*
  10 Civ. 3955, 2012 WL 2159281 (S.D.N.Y. June 14, 2012) ...............................................2

iii

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) .................................................................................3

*Matsumoto v. Republic Ins. Co*,
  792 F.2d 869 (9th Cir. 1986) .................................................................................7

*Myers v. Metro. Trust Co. of Cal.*,
  22 Cal. App. 2d 284 (1937) ...................................................................................8

*Norgart v. Upjohn Co.*,
  21 Cal. 4th 383 (1999) ...........................................................................................8

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
  522 F.3d 1049 (9th Cir. 2008) ...............................................................................8

*Rhodes v. Placer Cnty.*,
  No. 2:09-cv-00489, 2011 WL 1302240 (E.D. Cal. Mar. 31, 2011)...................2, 13

*Robinson v. Bank of Am.*,
  No. 12–CV–00494–RMW, 2012 WL 1932842 (N.D. Cal. May 29, 2012)............2

*Rosal v. First Fed. Bank of Calif.*,
  671 F. Supp. 2d 1111 (N.D. Cal. 2009) .............................................................11, 12

*Sanchez v. U.S. Bancorp*,
  No. 09–CV–00718–IEG (JMA), 2009 WL 3157486 (S.D. Cal. Sept. 25, 2009) ....9

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667 (1950)...............................................................................................13

*Smithkline Beecham Corp. v. Continental Ins. Co.*,
  No. Civ. A. 04–2252, 2004 WL 1773713 (E.D. Pa. Aug. 4, 2004)........................9

*Snyder v. Ford Motor Co.*,
  No. C-06-0497 MMC, 2006 WL 2472187 (N.D. Cal. Aug. 24, 2006) ..................11

*Spinks v. Equity Residential Briarwood Apartments*,
  171 Cal. App. 4th 1004 (2009) .............................................................................13

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................................1

*Stearns v. Select Comfort Retail Corp.*,
  763 F. Supp. 2d 1128 (N.D. Cal. 2010) ................................................................12

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ...............................................................................12

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

*Tech Data Corp. v. AU Optronics Corp.*,
  Nos. M 07–1827 SI, C 11–05765 SI, MDL No. 1827, 2012 WL 3236065 (N.D. Cal. Aug.
  6, 2012) ......................................................................................................................................2

*Tietsworth v. Sears,*
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................................2

*Toto, Inc. v. Sony Music Entm't*,
  No. 12 Civ. 1434(LAK)(AJP), 2012 WL 6136365 (S.D.N.Y. Dec. 11, 2012) ........................2

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...............................................................................................11

*Walker v. Woodford*,
  454 F. Supp. 2d 1007 (S.D. Cal. 2006)...................................................................................14

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) ....................................................................................6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b)......................................................................................6, 11

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................9

Federal Rule of Civil Procedure 12(f) ....................................................................................2, 14

California Business & Professions Code § 17200 .......................................................................11

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION

Plaintiff Martha Davis asserts five causes of action against Capitol Records, LLC, all seeking royalty payments allegedly due under two recording agreements, the 1979 Contract and the 1985 Contract (collectively, the "Contracts"). But as with Plaintiff's first two complaints, her Second Amended Complaint suffers from multiple defects.

First, under the express terms of both Contracts, royalty statements become final and binding unless Plaintiff objects in writing within three years, and Plaintiff never made such an objection prior to filing this lawsuit. Well-settled California law holds that such clauses are valid and enforceable. Accordingly, to the extent Plaintiff asserts claims based on such royalty statements, her claims must be dismissed as untimely. Second, Plaintiff's second claim for declaratory judgment is duplicative of her breach of contract claim, and must be dismissed. Third, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing merely repeats her breach of contract claim, and must also be dismissed. Fourth, Plaintiff's claims under the fraudulent and unlawful prongs of California's Unfair Competition Law must be dismissed because Plaintiff does not allege adequate facts to recover under either theory. Fifth, Plaintiff cannot recover "exemplary, and/or statutory damages" under any of her claims as a matter of law and, thus, the requests should be dismissed. Finally, in paragraph 99, Plaintiff misquotes the complaint in *Capitol Records, LLC v. ReDigi, Inc.*, No. 1:12-cv-00095-RJS (S.D.N.Y. Jan. 6, 2012); these inaccurate allegations should be stricken.

### II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Threadbare recitals of the elements of a cause of action supported by mere conclusory statements are insufficient. *Id.* The Court also is not required to accept as true allegations that are contradicted by documents incorporated by reference into the complaint or properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where the complaint fails to plead facts

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

which make Defendant's liability sufficiently plausible, it must be dismissed.  *Twombly*, 550 U.S. at 570.

The Court can grant a motion to dismiss to the extent claims are barred by a statute of limitations or contractual limitations period, and numerous courts have done so in the context of royalty disputes, as well as cases involving common law and UCL claims.  *Toto, Inc. v. Sony Music Entm't*, No. 12 Civ. 1434(LAK)(AJP), 2012 WL 6136365, at *7 (S.D.N.Y. Dec. 11, 2012) (dismissing portion of unpaid royalties claims as outside contractual limitations period); *Malmsteen v. Universal Music Grp., Inc.*, 10 Civ. 3955, 2012 WL 2159281, at *8 (S.D.N.Y. June 14, 2012) (same); *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ. 1980(LBS), 2012 WL 423350, at *2-3 (S.D.N.Y. Feb. 7, 2012) (same).[1]  Similarly, the Court can dismiss claims under one or more prongs of the UCL if the complaint does not allege adequate facts.  *See Jordan v. Paul Fin., LLC*, 745 F. Supp. 2d 1084, 1097-1100 (N.D. Cal. 2010) (dismissing claim arising under UCL's unlawful prong, while allowing claims under unfair and fraudulent prongs); *Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1135-37 (N.D. Cal. 2010) (dismissing claims under UCL's fraudulent and unfair prongs while allowing claim under unlawful prong to survive).  The Court also can dismiss requests for damages that, as a matter of law, cannot be recovered under the claims asserted in the complaint.  *See, e.g.*, *A & T Siding, Inc. v. Capitol Specialty Ins. Corp.*, No. 3:10-CV-980-AC, 2012 WL 707100, at *10 (D. Or. Mar. 1, 2012) (dismissing request for punitive damages under Rule 12(b)(6)); *Rhodes v. Placer Cnty.*, No. 2:09-cv-00489, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011) (same).  Finally, courts have discretion to strike allegations that are redundant, immaterial, impertinent, or scandalous.  Fed. R. Civ. P. 12(f).

---

[1] *See also, e.g.*, *Tech Data Corp. v. AU Optronics Corp.*, Nos. M 07–1827 SI, C 11–05765 SI, MDL No. 1827, 2012 WL 3236065, at *2 (N.D. Cal. Aug. 6, 2012) (dismissing UCL claims "to the extent" based on out-of-state purchases and "to the extent" time-barred); *Robinson v. Bank of Am.*, No. 12–CV–00494–RMW, 2012 WL 1932842, at *5-6 (N.D. Cal. May 29, 2012) (dismissing portion of fraud claims outside of the limitations period without leave to amend); *Lundgren v. Bank of Am., N.A.*, No. C 11–00758 CW, 2012 WL 929706, at *6 (N.D. Cal. Mar. 19, 2012) (granting motion to dismiss claims "to the extent … based on transactions barred by the statute of limitations"); *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1182 (C.D. Cal. 2011) (dismissing portion of claims relating to purchases outside limitations period); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1104 (C.D. Cal. 2009) (dismissing portion of malicious prosecution and UCL claims as barred by statute of limitations).

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

1   Here, Plaintiff's complaint incorporates and necessarily relies on the terms of both the 1979

2   Contract and the 1985 Contract because:  (1) the complaint refers to the documents; (2) the

3   documents are central to Plaintiff's claim; and (3) no party has questioned the authenticity of the

4   documents, which were attached as exhibits in prior motions to dismiss this action.  *See Marder v.*

5   *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

6   Thus, this Court may properly consider the Contracts in ruling on this motion to dismiss.  *See*

7   *Marder*, 450 F.3d at 448.  The 1979 Contract, as amended, and the 1985 Contract are attached to the

8   Request for Judicial Notice filed concurrently herewith.  RJN, Exs. 1, 2.

9   **III.    FACTUAL BACKGROUND**

10          **A.    The Contracts**

11   Just as in her first two complaints, all of Plaintiff's claims in her Second Amended Complaint

12   arise out of two recording contracts.  The first, the 1979 Contract, was entered between the members

13   of the group "The Motels," of which Plaintiff was one member, and Capitol Records, Inc. (the

14   former name of Capitol Records, LLC ("Capitol")).  The 1979 Agreement was later amended in

15   1981 in order to substitute a loan-out corporation, Martha Davis Productions, Inc., as the contracting

16   party.  The second agreement, the 1985 Contract, was entered between The Motels Music

17   Corporation, Inc.—alleged to be the successor to Martha Davis Productions, Inc. (SAC ¶ 28)—and

18   Capitol.

19   The Contracts called for The Motels to make and deliver recordings to Capitol; in return,

20   Capitol agreed to make and distribute the group's records, and to pay the group certain advances and

21   royalties.  SAC ¶¶ 70, 80.  With respect to any dispute over the payment of royalties, both Contracts

22   state that each royalty statement rendered by Capitol "shall become final, conclusive and binding"

23   unless a written objection is made within three years.  RJN, Ex. 1, ¶ 3.f; Ex. 2, ¶ 7.h.(ii).

24          **B.    The Complaint**

25   Plaintiff alleges that she was a member of the group "The Motels," and brings this action as a

26   shareholder, beneficiary, and/or successor-in-interest of the now-dissolved The Motels Music

27   Corporation, Inc. (f/k/a Martha Davis Productions, Inc.).  SAC ¶¶ 17, 25, 28, 31.  She alleges that

28

1   she owns "all assets formerly belonging to this entity." *Id.* ¶ 17; *see also id.* ¶ 31.  Plaintiff's five

2   purported causes of action—for breach of contract, declaratory judgment, open book account, breach

3   of the covenant of good faith and fair dealing, and unfair competition—all involve and are dependent

4   upon allegations that Capitol has failed to properly pay royalties under the Contracts.  *Id.* ¶¶ 133-

5   163.  Plaintiff alleges that under the Contracts, Capitol was required to pay a certain royalty for

6   record sales, and a higher royalty for a "license" of "masters."  *Id.* ¶¶ 69-92.  Plaintiff claims that

7   Capitol improperly treated the sale of the group's recordings through digital content providers (*e.g.*,

8   iTunes) as a sale instead of a license.  *Id.* ¶ 92.  According to Plaintiff, Capitol should have treated

9   such sales differently for royalty purposes, because Capitol allegedly "licenses" "masters" to digital

10  content providers for permanent downloads.  *Id.* ¶ 91.

11  **IV.   ARGUMENT**

12      **A.   Plaintiff's Claims Are Barred To The Extent They Seek Royalties Based on Statements Received More Than Three Years Before The Filing Of This Lawsuit.**

13

14          **1.   The Plain Terms Of The Contracts Provide For An Unambiguous Three-Year Contractual Limitations Period.**

15

16      Both the 1979 and 1985 Contracts require Plaintiff to object in writing to any royalty

17  statement or accounting within three years in order to maintain a lawsuit against Capitol for

18  underpayment of royalties.  The Contracts contain nearly identical objection and limitations

19  provisions and provide that, unless written notice is provided to Capitol within three years, royalty

20  statements "shall be final, conclusive and binding."  RJN, Ex. 1, ¶ 3.f; Ex. 2, ¶ 7.h.(ii).

21      Such "objection and limitations" provisions, which limit the time period for challenging

22  royalty statements and function as contractually agreed-upon statutes of limitation, are enforceable.

23  *See, e.g.*, *Clinton v. Universal Music Group*, No. CV 07–672 PSG (JWJx), 2011 WL 3501818, at *4

24  (C.D. Cal. Aug. 9, 2011).  In *Clinton*, the court noted that such provisions are "common in

25  entertainment contracts to permit the accounting party to close its books at a time certain, as agreed

26  by the parties, and not be required to attempt to investigate or deal with stale claims."  *Id.* at *4

27

28

(internal quotation marks omitted).[2]  The *Clinton* court therefore concluded that, to the extent the plaintiff had failed to make an objection within the time required by the contract, his claims failed as a matter of law.  *Id.*; *see also Drum Major*, 2012 WL 423350, at *2-3 (dismissing claim for royalties pursuant to Rule 12(b)(6) "insofar as its relates to royalties for the accounting period ending [one year prior to the filing of this lawsuit] or earlier," pursuant to one year contractual limitations period).

Here, Plaintiff has not alleged that she made specific written objections to any royalty statements or other accounts rendered by Capitol, as required by paragraphs 3.f. and 7.h.(ii) of the Contracts.  Despite this failure, each claim asserted by Plaintiff seeks recovery for alleged underpayment of royalties.  *See* SAC ¶ 137-39 (breach of contract), ¶ 143 (declaratory judgment), ¶ 148 (open book), ¶¶ 153-55 (accounting), ¶¶ 158-63 (UCL).  Because Plaintiff has not alleged – and cannot allege – any specific written objection to any royalty statement prior to the filing of this action, all of Plaintiff's claims related to royalty statements received more than three years before the filing of this action are barred.  The Court thus should dismiss each of the claims to the extent they seek recovery of royalties reported on statements received on or before March 30, 2009.  *Drum Major*, 2012 WL 423350, at *2-3.

### 2.    Plaintiff Cannot Avoid The Contractual Limitations Clauses.

Plaintiff concedes that the plain language of the contractual limitations clauses in the Contracts bars her claims for any royalty statements received more than three years before she filed

---

[2] Analogously, California courts also have upheld so-called "incontestability" provisions of insurance contracts, whereby an insurance policy is deemed valid unless the insurer has contested the policy prior to the expiration of the specified limitations period.  Such provisions have been upheld even in the face of allegations of fraud by the insured.  *See Amex Life Assurance Co. v. Super. Ct.*, 14 Cal. 4th 1231, 1238 (1997) ("Such a provision is reasonable and proper, as it gives the insured a guaranty against possible expensive litigation to defeat his claim after the lapse of many years, and at the same time gives the company time and opportunity for investigation, to ascertain whether the contract should remain in force. It is not against public policy, as tending to put fraud on a par with honesty.") (internal quotation marks and citations omitted).  "The incontestable clauses are enforced with particularity by the courts because of the desirable purpose which they have.  It is their purpose to put a checkmate upon litigation; to prevent, after the lapse of a certain period of time, an expensive resort to the courts – expensive both from the point of view of the litigants and that of the citizens of the state. In that way, it is a statute of limitations upon the right to maintain certain actions or certain defenses . . . ." *Id.* (internal citations omitted).

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

1    her claim.  SAC ¶¶ 113-14.  Plaintiff nonetheless alleges that she should be excused from complying

2    with the limitations clauses.  None of Plaintiff's arguments has merit.

3              First, Plaintiff asserts that the contractual limitations clauses "are so one sided in their

4    burdens and benefits and present such a complete lack of meaningful choice for Plaintiff that they

5    should not be enforced" as a matter of public policy.  SAC ¶ 115; *see also id.* ¶ 120.  This is not an

6    allegation of fact entitled to any weight on a motion to dismiss.  *Iqbal,* 556 U.S. at 678.

7    Furthermore, it is a misstatement of the law.  California, like other jurisdictions, enforces objections

8    and limitations clauses like the one in the Contracts because they are "common in entertainment

9    contracts to permit the accounting party to close its books at a time certain, as agreed by the parties,

10   and not be required to attempt to investigate or deal with stale claims."  *Clinton*, 2011 WL 3501818,

11   at *4 (internal quotation marks and citations omitted).

12             Second, Plaintiff does not allege facts to support either tolling of the limitations clause on

13   grounds of fraudulent concealment, or application of the discovery rule based on the purported

14   difficulty of detecting how Capitol accounted for digital sales.  SAC ¶¶ 117-118.  To invoke

15   fraudulent concealment, Plaintiff must plead "the who, what, when, where, and how of the alleged

16   fraudulent concealment," with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

17   *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010).  Plaintiff's allegations

18   of fraudulent concealment are at best conclusory.  She does not allege that Capitol made affirmative

19   misrepresentations about how it calculated royalties on permanent digital downloads, let alone

20   allegations with the requisite factual specificity (*e.g.*, the who, what, when, where, and how of any

21   fraudulent concealment).  To the contrary, Plaintiff alleges that Capitol did, in fact, disclose how it

22   accounted for download income.  SAC ¶ 158 (alleging that Capitol should have accounted for digital

23   downloads as licenses, failed to do so, and "affirmatively represent[ed] its authority to collect and

24   account for this income" as sales).  In essence, Plaintiff alleges that Capitol incorrectly interpreted

25   the royalty provisions in the Contracts.  This does not suffice as a basis for fraudulent concealment.

26   *Matsumoto v. Republic Ins. Co*, 792 F.2d 869, 872 (9th Cir. 1986) (tolling is "limited … to those

27   cases where the *factual* predicate for the plaintiff's injuries was concealed or misrepresented," and

28

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

does not apply where challenged conduct "was, at most, an incorrect interpretation of the terms of [the parties'] contract") (emphasis in original) (citation omitted).

Similarly, to invoke the discovery rule, Plaintiff "must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Mere conclusory assertions that delay in discovery was reasonable are insufficient[.]" *CAMSI IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1536-37 (1991); *see Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007) (same); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (applying California law requiring plaintiff to carry burden of proof when invoking the discovery rule); *see Deirmenjian v. Deutsche Bank, A.G.*, 526 F. Supp. 2d 1068, 1092 (C.D. Cal. 2007) (citing *CAMSI IV*, 30 Cal. App. 3d at 1536-37).

Regarding the first prong, the complaint is silent as to the time and manner in which Plaintiff "discovered" the alleged basis for her claims. This defect alone precludes her from invoking the delayed discovery rule. *See CAMSI IV*, 230 Cal. App. 3d at 1536-37; *Grisham*, 40 Cal. 4th at 638. Plaintiff's failure to plead actual discovery likely is due to the fact that Plaintiff has been aware of the facts necessary for her to state her purported claims for well over three years. Plaintiff alleges that digital downloads have existed since 1999 (SAC ¶ 38) and that the largest digital download provider, iTunes, has existed since 2003 (SAC ¶ 40). Plaintiff also alleges that she believes music distributed and sold in digital formats is different from music distributed and sold in traditional physical formats (*e.g.*, CDs) in that digital formats do not require the "manufacture or warehouse [of] any physical product or packaging," the "ship[ment] or [sale of] any product to stores or other distribution points," and there is no "risk of breakage or the return of unsold product." SAC ¶ 47. Thus, Plaintiff's allegations establish that she was aware of information that put her on notice of the claims asserted in this litigation. *See Clemens*, 534 F.3d at 1024 (holding discovery rule did not apply where plaintiff had presumptive knowledge of facts sufficient for inquiry notice); *Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*, 98 Cal. App. 4th 934 (2002) (holding the discovery rule inapplicable where, from allegations on the face of the complaint, plaintiffs knew or should have known that alleged misrepresentations in an audit report might be incorrect).

Plaintiff also fails to satisfy the second prong of the discovery rule, because she fails to plead specific facts establishing that she could not have discovered her claims earlier with the exercise of reasonable diligence.  Plaintiff merely asserts in conclusory fashion that it was "difficult, if not impossible," to detect how Capitol accounted for permanent digital downloads because "all she was given was a royalty statement."  SAC ¶ 117.  But Plaintiff cannot invoke the "discovery rule" simply by claiming ignorance about "the specific 'facts' necessary to establish [a] claim."  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).  In fact, contrary to the allegations on which Plaintiff relies in her bid to invoke the discovery rule, Plaintiff admits that, under what she considers an "ordinary meaning of a license," every digital transaction would constitute a license, not a sale (SAC ¶¶ 94-96).  In addition, Plaintiff acknowledges that she had a contractual and statutory right to audit Capitol's records (*SAC ¶¶ 113-14), and admits that such an audit would have revealed the alleged breach (SAC ¶ 117).  Her decision not to conduct an audit establishes a lack of "reasonable diligence," precluding application of the discovery rule.  *See, e.g., Myers v. Metro. Trust Co. of Cal.*, 22 Cal. App. 2d 284, 292 (1937) (affirming dismissal of complaint with prejudice on statute of limitations grounds, where plaintiff failed to conduct timely audit to uncover alleged fraud); *see also Glue-Fold, Inc. v, Slautterback Corp.*, 82 Cal. App. 4th 1018, 1030-31 (2000) (holding discovery rule did not apply where plaintiff "did not show that it exercised reasonable diligence in investigating, or that earlier efforts would have been fruitless").

In sum, Plaintiff has not alleged sufficient facts to invoke the discovery rule, nor could she, because she was both on inquiry notice and failed to exercise reasonable diligence.  *CAMSI IV*, 230 Cal. App. 3d at 1536; *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th 166, 179 (2012); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008).  As such, Plaintiff is contractually barred from asserting any claims related to royalties reflected on statements received more than three years before she filed this lawsuit.

### B.    Plaintiff's Second Cause Of Action For Declaratory Judgment Should Be Dismissed As Duplicative.

A claim for declaratory relief is properly dismissed when other claims would sufficiently resolve the controversy forming the alleged basis for declaratory relief.  *Kho v. Wells Fargo & Co.*,

No. SACV 12–0847 DOC (AGRx), 2012 WL 3240041, at *9 (C.D. Cal. Aug. 6, 2012).  Unless a declaratory relief claim seeks different or additional relief, it "is duplicative and unnecessary" of the affirmative claims, and appropriately dismissed on a Rule 12(b)(6) motion.  *Akhavein v. Argent Mortg. Co.*, No. 5:09–cv–00634 RMW (RS), 2009 WL 2157522, at *5 (N.D. Cal. July 17, 2009); *accord Sanchez v. U.S. Bancorp*, No. 09–CV–00718–IEG (JMA), 2009 WL 3157486, at *7 (S.D. Cal. Sept. 25, 2009) (a "federal court may decline to address a claim for declaratory relief '[w]here the substantive suit would resolve the issues raised by the declaratory judgment action'"); *Camillo v. Wash. Mut. Bank, F.A.*, No. 1:09–CV–1548 AWI SMS, 2009 WL 3614793, at *13 (E.D. Cal. Oct. 27, 2009) (dismissing declaratory relief claim as "redundant" and "unnecessary"); *Smithkline Beecham Corp. v. Continental Ins. Co.*, No. Civ. A. 04–2252, 2004 WL 1773713, at *2 (E.D. Pa. Aug. 4, 2004) (dismissing declaratory relief claims because plaintiff could "be afforded full relief on its breach of contract claims, and will, therefore, suffer no prejudice from the dismissal of its declaratory judgment claims . . . .").

In this case, Plaintiff's claim for declaratory relief should be dismissed as "superfluous and unnecessary" because it will be fully resolved by Plaintiff's breach of contract claim.  *Kho*, 2012 WL 3240041, at *9.  Plaintiff seeks a declaration "determining that the pertinent recording agreements obligate [Capitol] to pay and/or credit Plaintiff . . . the percentage specified for licensing, rather than for sales, when [Capitol] licenses the master recordings of Plaintiff . . . to Digital Content Providers."  SAC ¶ 143.  This is entirely duplicative of Plaintiff's claim for breach, which seeks redress for Capitol's alleged failure "to properly account and provide adequately royalty compensation to Plaintiff . . . with regard to licensing of master recordings to Digital Content Providers" pursuant to the same recording agreements.  SAC ¶ 137.  The outcome of both claims necessarily depends on determination of the same issue:  whether under the Contracts, Plaintiff is entitled to the license royalty rate—as opposed to the "records sold" royalty rate—for transactions involving digital content providers.

Because Plaintiff's breach of contract claim requires resolution of the exact same issue presented by the declaratory relief claim, and because the declaratory relief claim does not seek

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

different relief, the Court should dismiss the declaratory judgment claim as redundant.  *Kho,* 2012 WL 3240041, at *9.

### C. Plaintiff's Fourth Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Should Be Dismissed As Duplicative.

When bringing a claim for breach of the implied covenant of good faith and fair dealing, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).  In such cases, a "second cause of action [for breach of the covenant] adds nothing because the same conduct on defendant's part is alleged to constitute breach of both the . . . contract and the covenant." *Aragon-Haas v. Family Sec. Ins. Servs., Inc.*, 231 Cal. App. 3d 232, 240 (1991); *Am. Marine Corp. v. Blue Shield of Cal.*, No. C 11-00636 WHA, 2011 WL 1399244, at *3-4 (N.D. Cal. Apr. 13, 2011) (granting Rule 12(b)(6) motion and dismissing claim for breach of implied covenant as "subsumed under [the] breach of contract claim").

Here, Plaintiff relies on the same conduct of Capitol – Capitol's allegedly incorrect calculation and accounting of royalties – in support of her claims for breach of contract and breach of the covenant of good faith and fair dealing.  Indeed, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on the exact same allegations as her contract claim. *Compare* SAC ¶ 137 (alleging that by the same set of acts and omissions Capitol "has materially breached its contractual obligations . . . by failing to properly account") *with* ¶ 153 (alleging that, by the same conduct that Capitol "breached the covenant of good faith and fair dealing by, *inter alia,* improperly accounting").  Therefore, like her declaratory relief claim, Plaintiff's breach of covenant claim may be dismissed "as superfluous as no additional claim is actually stated."  *Careau & Co.*, 222 Cal. App. 3d at 1395.

**D.** **Plaintiff's Claims For Fraudulent And Unlawful Business Practices In Violation Of Section 17200 Are Not Adequately Pled And Must Be Dismissed.**

Plaintiff fails to allege a viable claim for "fraudulent" or "unlawful" conduct under section 17200 of California's Unfair Competition Law ("UCL").

**1.** **Plaintiff Does Not Allege Fraud With Particularity.**

Claims under the fraud prong of the UCL must be pled with particularity under Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126–27 (9th Cir. 2009). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis in original).  The plaintiff must specify "with particularity the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud." *Snyder v. Ford Motor Co.,* No. C-06-0497 MMC, 2006 WL 2472187, at *2 (N.D. Cal. Aug. 24, 2006) (internal citations and quotation marks omitted). Furthermore, when a plaintiff makes allegations of fraud against a corporation, "the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Super. Ct.,* 12 Cal. 4th 631, 645 (1996) (internal quotation marks omitted).  "Where the allegations in support of a claim fail to satisfy [these] heightened pleading requirements of Rule 9(b), the claim is subject to dismissal." *Snyder*, 2006 WL 2472187, at *2.

In this case, Plaintiff does not allege any of the facts necessary to plead fraud with particularity.  The SAC is devoid of specific facts relating the who, what, when, where, and how of an alleged fraud.  Nor has Plaintiff alleged with particularity any misstatement by a purported representative of Capitol.  Instead, Plaintiff has merely restated her breach of contract allegations as fraud.  As a result, to the extent Plaintiff alleges a claim under the UCL's fraud prong, that claim must be dismissed. *See  Rosal v. First Fed. Bank of Calif.*, 671 F. Supp. 2d 1111, 1126-1128 (N.D. Cal. 2009) (dismissing claim for fraudulent business practices in violation of UCL due to failure to "plead with the requisite particularity the specific representations that [were] attributable to

1 [defendant], the identity of the [defendant] employee who made the representations, their authority

2 to speak, what they said or wrote, and when it was said or written").

3 ## 2. Plaintiff Does Not Identify Any "Unlawful" Conduct.

4 To plead a claim under the "unlawful" prong of the UCL, Plaintiff must identify the specific

5 law or regulation allegedly violated. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128,

6 1150 (N.D. Cal. 2010); *Rosal*, 671 F. Supp. 2d at 1126 ("Violation of almost any federal, state, or

7 local law may serve as the basis for a UCL claim," however, "[w]here a plaintiff cannot state a claim

8 under the 'borrowed' law, she cannot state a UCL claim either."). Nowhere in Plaintiff's complaint

9 does she identify a basis for holding Capitol liable for unlawful conduct. Plaintiff merely repeats her

10 breach of contract claim, SAC ¶¶ 158-163, and without more, such allegations are not enough to

11 state a claim under the UCL. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir.

12 2008) (rejecting the argument that breach of a contract to pay royalties constituted a violation of the

13 UCL because it was not independently "unlawful, unfair [or] fraudulent."). Under nearly identical

14 circumstances in *Catena v. Capitol Records, LLC*, the Court stated that "the mere allegation of a

15 breach of contract does not suffice to state a UCL claim in the absence of some additional element

16 that causes Capitol's conduct to be unlawful." Order Granting In Part And Den. In Part Defs.' Mot.

17 To Dismiss at 21, No. CV 12-00806 MMM (JCx) (C.D. Cal. July 11, 2012), ECF No. 30.

18 Accordingly, to the extent Plaintiff asserts a claim under the UCL's unlawful prong, that claim must

19 be dismissed. *Id.*

20 ## E. Plaintiff's Request For "Exemplary, And/Or Statutory Damages" Should Be
21 Dismissed.

22 In her prayer for relief, Plaintiff requests "exemplary, and/or statutory damages." SAC

23 ¶ 167. As a matter of law, none of Plaintiff's claims permits an award of exemplary or statutory

24 damages. *See, e.g.*, *Ginsberg v. Gamson*, 205 Cal. App. 4th 873, 896 (2012) ("Punitive damages

25 may not be awarded as relief in a breach of contract claim."); *Korea Supply Co. v. Lockheed-Martin

26 Corp.*, 29 Cal. 4th 1134, 1144-45 (2003) (remedies for violation of Section 17200 limited to

27 restitution and injunctive relief); *Gen. Sec. Servs. Corp. v. County of Fresno*, 815 F. Supp. 2d 1123,

28 1135, 1144 (E.D. Cal. 2011) (granting motion to dismiss "[a]ll tort remedies claimed" under breach

1    of the implied covenant); *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th

2    1004, 1054-55 (2009) ("breach of the implied covenant of good faith and fair dealing will not give

3    rise to punitive damages" in "noninsurance cases").  As a result, Plaintiff's request for such relief

4    should be dismissed.  *See, e.g.*, *A & T Siding, Inc.*, 2012 WL 707100, at *10; *Rhodes*, 2011 WL

5    1302240, at *20.

6          **F.    Plaintiff's False Allegation in Paragraph 99 of the Complaint Should Be**
            **Stricken.**

7

8          In paragraph 99 of the complaint, Plaintiff purports to quote Capitol's complaint in an action

9    pending in the Southern District of New York, *Capitol Records, LLC v. ReDigi, Inc.*, No. 1:12-cv-

10   00095-RJS (S.D.N.Y. Jan. 6, 2012).  The purported "quotation" is actually a ***mis***quotation.  Plaintiff

11   asserts that paragraph 14 of the *ReDigi* complaint reads as follows:

12               Notably, in Paragraph 14 of Capitol Records, LLC's Complaint, it asserts:
                 "Plaintiff also redistributes and ***licenses*** its sound recordings in the form of
13               digital audio files, which are marketed and distributed online and delivered to
                 the consumer via the Internet through, inter alia, iTunes and Amazon."

14

15   SAC ¶ 99 (emphasis in SAC).  However, the actual paragraph 14 of the *ReDigi* complaint reads as

16   follows, in relevant part:

17               Plaintiff also distributes and licenses its sound recordings in the form of
                 digital audio files, which are marketed and distributed online, and delivered to
18               the consumer via the Internet.  Legitimate avenues for the digital distribution
                 of music exist through authorized services, such as Apple's iTunes and
19               Amazon's MP3 Music Service, which provide these sound recordings for
                 consumers pursuant to agreements that the services negotiated with Plaintiff.

20

21   RJN, Ex. 3, ¶ 14.[3]  Plaintiff's misquote combines two separate sentences into one, omits several

22   words, and adds other words not in the *ReDigi* complaint.  The alterations change the meaning of the

23   original paragraph, and incorrectly suggest that Capitol's allegation regarding "licenses" is

24   necessarily linked to the allegation regarding "iTunes and Amazon," when the two are, in fact,

25

26   _____
     [3] This Court may take judicial notice of the complaint filed in *Capitol Records, LLC v. ReDigi, Inc.*,
     No. 1:12-cv-00095-RJS (S.D.N.Y. Jan. 6, 2012) as it is explicitly referenced in the complaint and is
27   part of the public record.  *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006)
     ("Documents that are part of the public record may be judicially noticed to show, for example, that a
28   judicial proceeding occurred or that a document was filed in another court case . . . .").

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

separate statements in separate sentences. *Id.* Plaintiff's misquotation of the *ReDigi* complaint

qualifies as "immaterial, impertinent, [and] scandalous" material that should be stricken under Rule

12(f).

## V.    CONCLUSION

The Court should grant this motion because (1) contractual limitations provisions bar

recovery of royalties reflected on statements received before March 30, 2009; (2) Plaintiff's second

cause of action for declaratory relief and fourth cause of action for violation of the implied covenant

of good faith and fair dealing are entirely duplicative of Plaintiff's claim for breach of contract;

(3) Plaintiff has failed to adequately plead a cause of action for fraudulent or unlawful conduct in

violation of the UCL, (4) Plaintiff cannot recover exemplary or statutory damages; and

(5) paragraph 99 contains a misleading misquotation.

Dated: February 8, 2013

SIDLEY AUSTIN LLP


By: /s/ Rollin A. Ransom
    Peter I. Ostroff, SBN 45718
    postroff@sidley.com
    Rollin A. Ransom, SBN 196126
    rransom@sidley.com
    Sean A. Commons, SBN 217603
    scommons@sidley.com
    R. C. Harlan, SBN 234279
    rcharlan@sidley.com
    Attorneys for Defendant Capitol Records, LLC

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**

1

### FILER'S ATTESTATION

2

      Pursuant to L.R. 5-1(i)(3), I, R.C. Harlan, attest that Rollin A. Ransom provided his authority

3

and concurrence to file the instant document and place their his signature on the document set forth

4

above.

5

6

                             By: /s/ R.C. Harlan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CAPITOL'S MOTION TO DISMISS AND STRIKE THE SECOND AMENDED COMPLAINT**