UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA DAVIS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CAPITOL RECORDS, LLC, *ET AL.* <br><br> Defendants. | Case No.: 12-cv-1602 YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Plaintiff Martha Davis ("Davis") brings this action as a member of the music group, "The Motels," and a shareholder, beneficiary, and/or successor-in-interest of the now-dissolved The Motels Music Corporation, Inc. She brings the instant complaint alleging a nationwide class action for breach of standard recording contracts and for statutory violations of California law against Defendant Capitol Records, LLC ("Capitol").[1] Davis alleges that Capitol failed to account properly for royalties stemming from the licensing of musical performances or recordings produced by Davis and putative class members under contract with Capitol, which were then were utilized by digital content providers, such as music download providers, music streaming providers, and ringtone providers, for digital download, streaming and distribution.

The parties are before the Court on Capitol's motion to dismiss the Second Amended Class Action Complaint ("SAC") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike certain allegations pursuant to Rule 12(f). The parties briefed the

---

[1] Defendants EMI Group Limited and EMI Group, Inc. were voluntarily dismissed by Plaintiff on March 12, 2013. (*See* Dkt. No. 67.)

1  matter and the Court heard oral argument on October 2, 2012. The parties thereafter submitted
2  supplemental briefing as requested by the Court at the hearing.
3      Having carefully considered the papers submitted and the pleadings in this action, and for the
4  reasons set forth below, the Court hereby Orders that the Motion to Dismiss and to Strike Certain
5  Allegations is **DENIED IN PART AND GRANTED IN PART, WITHOUT LEAVE TO AMEND**.

## I. SUMMARY OF ALLEGATIONS

Davis alleges claims for breach of contract, declaratory judgment, open book account, breach of the covenant of good faith and fair dealing, and unfair competition. All claims arise from allegations that Capitol failed to pay royalties under the contracts between Capitol and The Motels Music Corporation, Inc. (SAC ¶¶ 133-163.) She alleges that under the contracts, Capitol was required to pay a certain royalty for record (or "phonorecord") sales, and a higher royalty for a "license" of "masters." (SAC ¶¶ 69-92.) Davis claims that Capitol improperly treated the sale of the group's recordings through digital content providers as a "phonorecord sale" instead of a "license." (SAC ¶ 92.) According to Davis, Capitol should have treated such sales differently for royalty purposes, because Capitol allegedly "licenses" "masters" to digital content providers for permanent downloads. (SAC ¶ 91.)

## II. STANDARDS APPLICABLE TO THE MOTION

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007). However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

### III. DISCUSSION

#### A. Request for Judicial Notice

Capitol argues that the Court should take judicial notice of the agreements referenced in the SAC, which are attached to Defendant's Request for Judicial Notice. (Dkt. No. 57.) When a complaint specifically refers to a document, the document or its terms are central to the allegations, and no party questions its authenticity, the court may properly consider the document in ruling on a motion to dismiss. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the agreements are central to the allegations of the complaint. Thus the Court finds it appropriate to take judicial notice of them for purposes of this motion.

#### B. Limitation of Claims

Capitol first argues that Davis's claims are barred to the extent she seeks royalties for more than three years prior to the filing of this lawsuit, since the terms of the agreement provide for a three-year contractual limitations period. Davis's contracts with Capitol all required that, unless written notice is provided to Capitol within a specified number of years (first three, later four years), royalty statements "shall be final, conclusive and binding." (*See* SAC ¶¶ 113-114.) Capitol argues Davis did not allege she made any objection to the royalty statements at issue, but now seeks relief for underpayment of royalties going back more than three years prior to the filing of the complaint.

Capitol's arguments do not support dismissal, or partial dismissal of the claims. The allegations here arguably support a basis for tolling of the contractual limitations period. First, "[r]esolution of the statute of limitations issue is normally a question of fact." *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797, 806-07 (2005). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo v. United States,* 68 F.3d 1204, 1206 (9th Cir. 1995)) (internal quotation omitted). Second, where the allegations of the complaint indicate that plaintiff was prevented from learning the true facts by defendant's misrepresentations or concealment, application of the delayed discovery rule is particularly appropriate. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003)

3

1  (franchisees prevented from learning of breach of agreements by defendant's misrepresentations and
2  forgery); *Weatherly v. Universal Music Group,* 125 Cal.App.4th 913 (2004) (contractual limitations
3  provision tolled where songwriter did not learn of breach of royalty contract due to music publisher's
4  misrepresentations). Under California law, a plaintiff need not plead deliberate concealment, but
5  must simply offer facts to show that: "[t]he injury or the act causing the injury, or both, have been
6  difficult for the plaintiff to detect"; "the defendant has been in a far superior position to comprehend
7  the act and the injury"; and "the defendant had reason to believe the plaintiff remained ignorant he
8  had been wronged." *Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 5-6 (2003) *quoting*
9  *April Enterprises, Inc. v. KTTV,* 147 Cal.App.3d 805, 831 (1983).

10  Here, Davis alleges that Capitol knowingly underpaid her and other class members by
11  reporting digital download licenses as sales of physical record sales, and concealed the fact that
12  Capitol improperly accounted for sales. (SAC ¶ 116.) She further alleges that breaches of contracts
13  were difficult if not impossible to detect based only on the royalty statements, since simply moving
14  licenses from one category and reporting them in another would be a serious breach but would not be
15  readily perceivable. (SAC ¶ 117.) Davis alleges that the royalty statements she received were
16  misleading and did not put her on notice that Capitol was actually licensing digital masters to third-
17  parties while reporting those earnings at the "records sold" rate rather than the "masters licensed"
18  rate. (*See* SAC ¶¶ 116, 117.) Thus, Davis has pleaded a basis for tolling the contractual limitations
19  period based upon delayed discovery.

20  The case law cited by Capitol is distinguishable. Unlike *Gutierrez v. Mofid*, 39 Cal. 3d 892,
21  899 (1985), the facts here do not present a situation in which Davis knew of her injury but failed to
22  file suit because she was dissuaded by professional advice that she had no claim. Likewise, in
23  *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986), plaintiffs knew of and made a
24  claim to their insurance company, but failed to sue after the insurance company denied that claim.

25  Capitol argues that Davis must not only allege a basis for the delayed discovery rule, but also
26  that she could not have discovered that basis earlier despite reasonable diligence. Capitol contends
27  that Davis was not reasonably diligent in bringing her claims since she did not exercise her
28

4

contractual right to audit her royalty statements.  First, this argument assumes facts not before the Court.  On a motion to dismiss, a court cannot consider matters beyond the pleadings and documents properly subject to judicial notice.  *Supermail Cargo,* 68 F.3d at 1206.  Second, even in the face of a failure to exercise her audit rights, a finding of lack of diligence cannot be assumed since Davis alleges that she was hindered from acting any earlier due to the defendant's misrepresentations and concealments.  *See Weatherly,* 125 Cal.App.4th at 920 (reversing trial court's finding that claims were barred for lack of diligence in exercise of audit rights).

Accordingly, the motion to dismiss on limitations grounds is **DENIED.**

### C. Declaratory Relief Claim

Capitol moves to dismiss Davis's claim for declaratory relief as duplicative of her claim for breach of contract.  Declaratory relief is meant to resolve uncertainties and disputes that may lead to future litigation.  *See U.S. v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985).  The existence of another adequate remedy does not preclude a declaratory judgment.  Fed. Rules of Civ. Proc. 57; 28 U.S.C. § 2201.  As the Advisory Committee comments to Rule 57 indicate, pleading a claim for declaratory relief as an alternative or cumulative remedy does not render it inappropriate.  *See Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C. Cir. 1983) (citing Advisory Committee comments).  However, courts have dismissed companion claims for declaratory relief where the breach of contract claims resolved the dispute completely and rendered additional relief inappropriate.  *See StreamCast Networks, Inc. v. IBIS LLC*, CV05-04239MMM (EX), 2006 WL 5720345 (C.D. Cal. May 2, 2006) (citing numerous cases).

Here, the Court cannot determine, as a matter of law, that declaratory relief would be duplicative or otherwise inappropriate such that it should be dismissed at the pleading stage.  Davis alleges claims for herself and on behalf of a class of similarly situated persons.  She alleges that the declaratory relief claim is for a determination that "the pertinent recording agreements obligate EMI to pay and/or credit Davis and other class members the percentage specified for licensing, rather than for sales, when EMI licenses the master recordings of Plaintiff and other Class members to Digital

Content Providers." (SAC ¶ 143.) Thus, it is not clear that resolution of the breach of contract claim would render the need for declaratory relief unnecessary.

Capitol argues that the district court's decision in *Kho v. Wells Fargo & Co.*, SACV 12-0847 DOC, 2012 WL 3240041 (C.D. Cal. Aug. 6, 2012) dictates a different result. The court there dismissed a claim for declaratory relief as "superfluous and unnecessary" in the context of dismissing all other claims on their merits, with prejudice. *Id.* at *9. Here, Davis has alleged facts to support her contract claim. Alleging a declaratory relief claim based upon the same facts is not inappropriate.

The motion to dismiss the declaratory relief is, therefore, **DENIED**.

### D. Implied Covenant of Good Faith and Fair Dealing

Capitol moves to dismiss Davis's fourth claim for breach of the implied covenant of good faith and fair dealing on the grounds that it is duplicative of her breach of contract claim. The Court disagrees.

The covenant of good faith and fair dealing, implied by California law in every contract, exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 349 (2000). "The covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement" even if it does not technically violated the express terms of the agreement. *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 36 (1995). Thus, where a contracting party had an obligation to deal fairly with its contracting partner in calculating license fees, it violated that duty by using a method that unfairly undervalued fees owed even if there was no express contractual obligation to calculate them differently. *Ladd v. Warner Bros. Entm't, Inc.*, 184 Cal. App. 4th 1298, 1308 (2010) (breach of the implied covenant of good faith and fair dealing established where movie studio used a straight-lining method instead of considering relative worth in licensing packages). A claim for breach of the implied covenant of good faith and fair dealing is not duplicative of a breach of contract claim when a plaintiff alleges that the defendant acted in bad faith to frustrate the benefits of the alleged contract.

*See Celador Internat'l Ltd. v. The Walt Disney Co.,* 347 F.Supp.2d 846, 853 (C.D.Cal. 2004) (citing *Guz,* 24 Cal.4th at 353 n. 18); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (refusal to discharge contractual responsibilities which unfairly frustrates the agreed common purposes and reasonable expectations of the other party constitutes claim for breach of good faith and fair dealing, whether or not it also constitutes breach of a consensual term).

Here, Davis has alleged that Capitol's conduct of improperly accounting for the monies owed to Davis and the class breached the implied covenant of good faith and fair dealing, and that this was conduct deprived her of the benefits of the contract. (SAC ¶¶ 151-154.) She alleges that Capitol knowingly underpaid her by reporting digital download licenses as physical record sales, and concealed the fact that it improperly accounted for those sales. (SAC ¶¶ 116-119.) She also alleges that Capitol vetted the policy of mischaracterizing the sales and decided to adopt the policy to avoid its contractual obligations in favor of higher profits, which at the same time characterizing its agreements with digital music providers as being "in the interest of its recording artists." (SAC ¶ 93.) These allegations are sufficient to state a claim separate and distinct from her breach of contract claim.

### E.     Unfair Competition Claim

Davis alleges her claim for violation of California Business & Professions Code section 17200, California's Unfair Competition Law ("UCL"), based upon all three prongs of the statute – that is, unfair, unlawful, and fraudulent conduct. Capitol seeks to dismiss the claim to the extent it is based upon either unlawful or fraudulent conduct.

*1.     Fraudulent Prong*

As to the fraudulent prong, Capitol argues that Davis has not alleged fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Capitol argues that, because the claim is based upon fraud, Davis must set forth the "who, what, when, where, and how of the misconduct alleged." *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126–27 (9th Cir. 2009). Furthermore, since Davis allege fraud against a corporation, she "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they

7

spoke, what they said or wrote, and when it was said or written." *Lazar v. Sup. Ct.,* 12 Cal. 4th 631, 645 (1996) (internal quotation marks omitted).

Davis argues that she has alleged the fraud here with sufficient specificity to permit Capitol to answer. The SAC alleges that Capitol: contrived a method of accounting for licensing income that knowingly applied incorrect formulas for calculating royalties in its accounting statements to Davis (SAC ¶¶ 8, 91-92); approved this policy and practice in order to reap profits by avoiding its contractual obligations (SAC ¶ 158); and yet repeatedly made statements designed to lead members of the public into believing that its accounting practices were meant to benefit Davis and the other artists owed royalties (*id.*). Thus, the SAC alleges that Capitol knowingly breached its agreements and employed devices to conceal these facts from Davis and other class members in order to deprive them of monies owed to them. (SAC ¶¶ 116-119, 158.) Davis and the class were led to believe that the royalty rates paid accurately reflected the amounts actually owed to them and accurately accounted for the nature of Capitol's agreements with its third-party vendors. (SAC ¶¶ 92-93.)

Davis further argues that the Court should apply the more relaxed standard appropriate to fraud-based claims in which the specific facts as to who engaged in the misleading conduct are peculiarly within the control of defendants, citing *Neubronner v. Milken,* 6 F.3d 666, 671-73 (9th Cir. 1993). Capitol protests that this exception should not apply because Davis's allegations as to Capitol's knowledge of the fraud are only on information and belief. However, Rule 9(b) is clear that the heightened pleading requirements apply only to the circumstances constituting the fraud. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. Rules Civ. Proc. 9.

Davis's allegations regarding the circumstances of the fraud here are sufficiently particular. The facts as to who made the decisions regarding the alleged misleading royalty statements are facts peculiarly within the control of Capitol. Davis's general allegation of Capitol's knowledge is permissible.

//

//

8

### *2.  Unlawful Prong*

As to the unlawful prong, Capitol argues that Davis has not identified any specific law or regulation allegedly violated, but merely relies on the same allegations as her breach of contract claim. However, common law theories can establish a predicate "unlawful" act for purposes of the UCL. *See Cmty. Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal.App.4th 886, 891 (2001) ("an 'unlawful' business practice . . . [under the UCL] is one that violates an existing law, *including case law*"); *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 828 n. 3 (9th Cir. 2003) ("California courts have not foreclosed common law theories as a basis for actions pursuant to [the UCL]"); *Gabana Gulf Distribution, Ltd. v. Gap Int'l Sales, In*c., 2008 WL 111223, at *10 (N.D. Cal., Jan. 9, 2008) (noting that "[a]lthough the state of § 17200 jurisprudence is in rapid flux, California courts have not yet foreclosed common law theories – such as breach of the covenant of good faith – as a basis for actions pursuant to § 17200."). Where, as here, the complaint alleges systemic conduct meant to breach the terms of, or deny the benefits of, agreements between the defendant and a group of similarly situated parties, it is sufficient state a claim for an unfair business practice in violation of the UCL. *See James v. UMG Recording, Inc*., 2011 WL 5192476, *4-5 (N.D. Cal. Nov. 1, 2011) ("the Court finds that plaintiffs have alleged more than just a breach of contract because the complaints allege that UMG engaged in a broad scheme to underpay numerous royalty participants"); *see also CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007) (UCL claim based on unlawful prong alleged based upon common law intentional interference with employment contracts).[2] The facts alleged here support a claim under the UCL's unlawful prong.

---

[2] *Sybersound Records*, cited by Capitol, is distinguishable. There, the plaintiff sought to base its claim for violation of the UCL based upon contracts to which it was not a party, but instead were agreements "among sophisticated parties who are not all parties to this lawsuit." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008). As the Ninth Circuit there noted, a "breach of contract may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unlawful, or unfair, or fraudulent." *Id.* at 1152 (internal quotation and citation omitted). The court's decision turned on the standing issues raised by the posture of the case more than whether the underlying violation was contractual in nature.

9

The motion to dismiss the UCL claim is **DENIED**.

### F.        Punitive Damages

Capitol also seeks to eliminate Davis's claim for punitive damages in connection with her claim for breach of the covenant of good faith and fair dealing.[3] California law does not allow recovery of tort damages for contract-based claims except "in limited circumstances, generally involving a special relationship." *Diaz v. Fed. Express Corp.*, 373 F. Supp.2d 1034, 1066 (C.D. Cal. 2005). "Because the covenant of good faith and fair dealing essentially is a contract term that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.'" *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009) (quoting *Cates Construction, Inc. v. Talbot Partners* 21 Cal.4th 28, 43 (1999).) The lone exception recognized by the California Supreme Court to date is for tort damages arising from bad faith breach of an insurance contract. *See Cates Construction*, 21 Cal. 4th at 43 (1999); *see also Spinks*, 171 Cal. App. 4th at 1054 ("breach of the implied covenant of good faith and fair dealing will not give rise to punitive damages" in "noninsurance cases").

Davis concedes that, under California law, punitive damages generally are not available on a claim for breach of the covenant outside the insurance context, but argues that the limited exception should be extended here because the relationship between recording artists and record companies is sufficiently similar to the relationship between insureds and their insurers.  While Davis has stated a claim for breach of the covenant of good faith and fair dealing, her arguments for extending California law on punitive damages past the line clearly drawn in *Spinks* are not persuasive.

---

[3] Capitol moves either to strike the punitive damages claim under Rule 12(f) or to dismiss it under Rule 12(b)(6). The Ninth Circuit has made plain that a court cannot strike certain damages under Rule 12(f) based upon an argument that they are precluded by law, but has endorsed dismissing them under Rule 12(b)(6) when appropriate. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010). Thus the Court determines this issue under Rule 12(b)(6).

10

The motion is therefore **GRANTED WITHOUT LEAVE TO AMEND** as to the punitive damages request.[4]  The request for punitive damages, paragraph 167 of the SAC, is **DISMISSED**.

### G.       Motion to Strike Quoted Portion of *ReDigi* Complaint

Paragraph 99 of Davis's SAC quotes a portion of a complaint filed in the Southern District of New York, *Capitol Records, LLC v. ReDigi, Inc.*, No. 1:12-cv- 00095-RJS (S.D.N.Y. Jan. 6, 2012) ("*ReDigi*").  Defendant argues that Davis has misquoted the complaint in a way that alters its meaning and that the statement should be stricken as "immaterial, impertinent, [and] scandalous" under FRCP 12(f).

Davis's SAC alleges this portion of the *ReDigi* complaint to establish inconsistencies in Capitol's position on the allegations in the SAC.  In *ReDigi*, Capitol alleges that digital downloads received by consumers are not phonorecords for purposes of reselling them consistent with the first sale doctrine of the U.S. Copyright Act, 17 U.S.C. § 109. (SAC ¶¶ 98, 99.)  Yet, with respect to Davis and others, Capitol treats digital downloads as sales of phonorecords for royalty purposes.  The actual text of Capitol's *ReDigi* complaint read:

> . . . Plaintiff also distributes and licenses its sound recordings in the form of digital audio files, which are marketed and distributed online, and delivered to consumer via the Internet.  Legitimate avenues for the digital distribution of music exist through authorized services, such as Apple's iTunes and Amazon's MP3 Music Service, which provide these sound recording for consumers pursuant to agreements that the services negotiated with Plaintiff.

Davis purported to quote that same language as follows:

> "Plaintiff also redistributes and *licenses* its sound recordings in the form of digital audio files, which are marketed and distributed online and delivered to the

---

[4] Plaintiff notes that other states permit punitive damages for breach of contract in a wider variety of situations. *See, e.g., Clarendon Mobile Home Sale, Inc. v. Fitzgerald*, 381 A.2d 1063, 1065 (Vt. 1977) (where "breach has the character of a willful and wanton or fraudulent tort"); *Boise Dodge, Inc. v. Clark*, 453 P.2d 551, 553-56 (Idaho 1969) (where there is "fraud, malice, oppression or other sufficient reason"); *Perry v. Green*, 437 S.E. 2d 150, 152 (S.C. Ct. App. 1993) (when the breach of contract is accompanied by a fraudulent act such as "any act characterized by dishonesty in fact, unfair dealing, or the unlawful appropriation of another's property by design.").  The Court's decision to dismiss the punitive damages claim based on the current allegations of the SAC is without prejudice to some future showing that the applicable law would permit Plaintiff to amend to include such a claim for relief.

consumer via the Internet through, inter alia, iTunes and Amazon." (Emphasis added.)

(SAC ¶ 99.) While it is clear that Davis did not directly and accurately quote the language from the *ReDigi* complaint, the error does not change the meaning of the *ReDigi* allegations in any significant way. The Court does not condone Davis's misquotation, but neither does it find the allegation "immaterial, impertinent, or scandalous" as set forth in Rule 12(f). The motion to strike is therefore **DENIED**.

## CONCLUSION

The motion to dismiss is **GRANTED** as to the request for punitive damages only, and is otherwise **DENIED**. The motion to strike paragraph 99 is **DENIED**. Capitol shall file and serve its answer to the SAC no later than May 10, 2013.

**IT IS SO ORDERED.**

DATE: April 18, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

12